No. 2962.

JOHN S. WALLIS *v.* E. B. WHEELOCK.

In March, 1862, plaintiff and defendant entered into a partnership by written agreement to transact an importing business, principally between certain ports in Europe and the Island of Cuba, the profits and losses to be equally divided between them. The partnership was to be continued during the year, and went into operation according to agreement. After the war, Wallis sues for one-half of a certain amount of partnership property remaining in the hands of defendant. The defense is that the contract was entered into with the view of running the blockade, and is therefore null and void, its object being an illicit one.

This court sees nothing illicit in the contract itself, and does not think that the defendant has shown that the partnership funds which came into his hands were the result of an unlawful traffic.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Clarke & Bayne*, for plaintiff and appellee. *Randolph, Singleton & Browne*, for defendant and appellant.

MORGAN, J. In March, 1862, plaintiff and defendant entered into a partnership, the object of which was, according to their written agreement, "to transact an importing business, principally between ports in Europe and the Island of Cuba." The partnership was to continue

"during the war." They each contributed $32,538 94, and the profits and losses were to be divided equally between them. They appointed Charles Howard their agent, who went to Cuba and carried on their business. After the war Howard turned over to Wheelock over eight thousand dollars of the partnership property. Wallis sues him for his half. His answer is that the contract was entered into with the view of running the blockade; that this object was an illicit one, and is therefore null and void.

We see nothing illicit in the contract itself, and we do not think the defendant has shown that the funds which came into his hands was the result of any unlawful traffic. Having partnership funds in his hands, he is bound to give to his partner the portion which he is entitled to under their contract.

Judgment affirmed.

Rehearing refused.